Sarah Shapero (Bar No. 286748)
SHAPERO LAW FIRM
One Market Street, Spear Tower, 36th Floor
San Francisco, CA 94105
Telephone:   (415)293-7995
Facsimile:   (415)358-4116

Attorneys for Plaintiff,
DUTCHINTS DEVELOPMENT, LLC
MADELEINE TASHJIAN

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUTCHINTS DEVELOPMENT, LLC, a limited liability company; and MADELEINE TASHJIAN, an individual<br><br>Plaintiff,<br><br>v.<br><br>FCI LENDER SERVICES, INC., a business entity; CALIFORNIA TD SPECIALISTS, a business entity, and Does 1-50, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>1.   Violation of Civil Code § 2924c-d<br><br>2.   Violation of Civil Code § 2924(a)(1)(C)<br><br>3.   Violation of California's Truth in Lending Act<br><br>4.   Violation of Federal Truth in Lending Act<br><br>5.   Violation of Fair Debt Collection Practices Act (FDCPA)<br><br>6.   Violation of Cal. Civil Code § 2924.17<br><br>**DEMAND FOR JURY TRIAL** |

## **PRELIMINARY STATEMENT**

1.   This dispute arises out of a residential loan transaction and Defendants' bad faith conduct related thereto. Now, Plaintiffs are facing the imminent loss of their property to foreclosure, based on inaccurate amounts of defaults.  This lawsuit follows.

## **JURISDICTION AND VENUE**

1

2. This is an action asserting violations of California State Law and Federal Law. Plaintiffs are residents of Santa Clara County. Defendants are residents of Orange County. Venue is proper in this Court because a substantial part of the events giving rise to the claims herein occurred in this County.

3. This court has personal jurisdiction over each of the named defendants because each defendant either resides or conducts business in this county.

## **PARTIES**

4. At all times mentioned herein, Plaintiffs were adult residents of Santa Clara County, California. Plaintiffs are the owners of the property located at 1226 Phyllis Ave., Mountain View, CA 94040 (hereinafter the "Property").

5. At all times mentioned herein, Plaintiffs are informed and believe and thereon allege that Defendant FCI LENDER SERVICES, INC. (hereinafter "FCI") is the servicer of the debt secured by a Promissory Note and Deed of Trust, recorded January 7, 2020 as Instrument Number 24374662, in the Official Records of the Office of the Recorder of Santa Clara County.

6. At all times mentioned herein, Plaintiffs are informed and believe and thereon allege that Defendant CALIFORNIA TD SPECIALISTS is the trustee of the debt secured by a Promissory Note and Deed of Trust, recorded January 7, 2020 as Instrument Number 24374662, in the Official Records of the Office of the Recorder of Santa Clara County.

7. Defendants regularly conduct business in the State of California.

8. Plaintiffs are ignorant of the true name and capacities of each Defendant sued herein under the fictitious names DOES 1 through 50, inclusive, and Plaintiffs will amend this complaint to allege such names and capacities as soon as they are ascertained. Each of said fictitiously named Defendants is responsible in some manner for the wrongful acts for which Plaintiffs have complained herein.

9. This court has personal jurisdiction over the parties as Defendants engage in business within the State of California. Defendants' business involves financing mortgage loans and related services to consumers in the State of California.

## AGENCY ALLEGATIONS

10. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, each of the Defendants was acting as the agent, servant, employee, partner, co-conspirator, and/or joint venture of each of the remaining Defendants, and was acting in concert with each remaining Defendant in doing the things herein alleged, and, additionally has inherited any violations and/or the liability of their predecessors-in-interest, and has also passed on liability to their successors-in-interest, and at all times was acting within the course and scope of such agency, employment, partnership, and/or concert of action.

## STATEMENT OF FACTS

11. Plaintiffs DUTCHINTS and MADELEINE TASHJIAN ("Plaintiffs") are the true and rightful title holders to the property located at 1226 Phyllis Avenue, Mountain View, CA 94040 (the "Property").

12. In January 2020, Plaintiffs obtained a loan from Behrooz R. Shahab and Laurie A. Shahab, Trustees of the Shahab Family Revocable Trust, dated 7/23/2000; Gregory Galen Lin; and Stephen E. Fournier, Trustee of the Fournier Tax Consulting 401k. The loan, in the amount of $1,522,500.00 was secured by a Deed of Trust and Promissory Note. The Note contained an interest rate of 8.5% and a default interest rate of 13.5%. The Note matured in January 2021.

13. Plaintiffs made timely payments under the Note throughout 2020, however, when it came time for the Note to mature in January 2021, the Parties disagreed as to the amounts that were needed to payoff the loan. As such, Plaintiffs continuously asked for payoff demands all while Defendants were recording foreclosure related documents that had substantially different figures listed in them. As such, Plaintiffs still do not know what amounts are needed to payoff this loan in full to avoid foreclosure.

14. Specifically, on or around March 3, 2021, Defendant FCI sent Plaintiffs a payoff quote which stated that Plaintiff owed $1,557,342.72 to payoff the loan as of March 3, 2021.

15. Thereafter, on March 17, 2021, Defendant CALIFORNIA TD SPECIALISTS recorded a Notice of Default against the Property stating that Plaintiffs owed $1,575,903.46 to payoff the loan. A nearly $20,000.00 increase from less than fifteen days prior.

16. Then on June 22, 2021, Defendant CALIFORNIA TD SPECIALISTS caused a Notice of Trustee's Sale to be recorded against the Property stating that Plaintiffs owed $1,668,795.44 to payoff the loan.

17. Then, on July 14, 2021, Defendant CALIFORNIA TD SPECIALISISTS sent Plaintiffs a revised payoff demand claiming that Plaintiffs owed $1,659,315.12 to payoff the loan as of July 20, 2021.

18. There is a trustee's sale scheduled for July 21, 2021, and Plaintiffs stand to lose their property when they cannot get an accurate reinstatement quote. If Plaintiffs were able to get an accurate reinstatement quote, they would be able to payoff the loan in full and save their property, but their efforts have been thwarted by Defendants.

**FIRST CAUSE OF ACTION**
**Violation of Civil Code § 2924c-d**
(Against All Defendants)

19. Plaintiff incorporates all allegations of this complaint and re-alleges them as they were fully set forth herein.

20. Defendants' conduct, as alleged above, is a violation of Civil Code § 2924c-d.

21. Pursuant to California Civil Code § 2924c, whenever an obligation secured by a deed of trust or mortgage on real property has become due or been declared due by reason of default, the trustor or mortgagor or his or her successor in interest in the mortgaged or trust property or any part thereof may pay to the beneficiary or the mortgagee the entire amount due and thereby cure the default existing and thereby discontinue foreclosure proceedings initiated under the deed of trust or mortgage as if the acceleration had not occurred. See Cal. Civ. Code 2924c(a)(1)

22. California Civil Code § 2924c(a)(1) delineates the categories of charges a beneficiary can impose as a condition of loan reinstatement. Specifically, a beneficiary or its agent may only charge the following as a condition of reinstatement:

    (A) all amounts under the deed of trust then due under the deed of trust

    (B) all amounts in default on recurring obligations not shown in the notice of default, and

    (C) all reasonable costs and expenses which are actually incurred in enforcing the terms of the obligation, deed of trust, or mortgage, and

    (D) trustee's or attorney's fees, subject to subdivision (d), other than the portion of principal as would not then be due had no default occurred.

23. Pursuant to California Civil Code § 2924d(a), a beneficiary or its agent may demand as a condition of reinstatement or payoff, to the extent allowed by subdivision (c) of Section 2924c, costs which are actually incurred in enforcing the terms of the obligation and trustee's or attorney's fees as set forth therein.

24. In the case at hand, in March 2021, Defendants violated Civil Codes § 2924c-d by demanding from Plaintiffs $1,575,903.46 to payoff the loan. A nearly $20,000.00 increase from less than fifteen days prior.

25. California law specifically limits the amounts that can be demanded to reinstate a loan as part of a nonjudicial foreclosure. Nonetheless, Defendanta have violated these provisions.

26. Despite these facts and with full knowledge of the disputed default, Defendants continued the foreclosure action on Plaintiffs' property premised on an inaccurate default and after having made inflated demands which violated Civil Code § 2924c.

27. Plaintiff is informed and believes that based on the foregoing, the amount demanded for the loan is grossly inflated and includes a demand for payment of items not permitted by Civil Code § 2924c-d.

28. Defendant's conduct has resulted in various harms including, but not limited to, credit damage, fees charged to Plaintiff's loan, and attorney's fees.

## SECOND CAUSE OF ACTION
**Violation of Civ. Code § 2924(a)(1)(C)**
(Against ALL Defendants)

29. Plaintiff incorporates all allegations of this complaint and re-alleges them as they were fully set forth herein.

30. Pursuant to Cal. Civ. Code § 2924(a)(1)(C), the mortgage trustee, mortgagee, or beneficiary shall only record Notices of Default that include a statement setting forth the nature of each breach actually known to the beneficiary.

31. Defendants have violated this statute. In fact, Defendants recorded a Notice of Default that is ripe with false information.

32. The Notice of Default erroneously states that Plaintiffs owed $1,575,903.46 to payoff the loan. A nearly $20,000.00 increase from less than fifteen days prior.

33. These facts demonstrate that Defendants have violated Civil Code 2924(a)(1)(C).

34. Defendants' inflation of the actual loan amount and the amount now due appears designed to abuse the nonjudicial foreclosure process or to deter other buyers at a foreclosure sale.

## THIRD CAUSE OF ACTION
**Violation of California's Truth in Lending Act**
(Against ALL Defendants)

35. Plaintiff incorporates all allegations of this complaint and re-alleges them as they were fully set forth herein.

36. Pursuant to Cal. Fin. Code § 4973: (e) a covered loan shall not contain a provision that increases the interest rate as a result of a default; (n) a person who originates a covered loan shall not act in any manner, whether specifically prohibited by this section or of a different character, that constitutes fraud.

37. In the case at hand, Defendants have violated Cal. Fin. Code § 4973(e) by increasing the interest rate of the loan as a result of default.

38. As a result of Defendants' actions, Plaintiffs are now facing the imminent loss of their home to foreclosure, increased arrearages, assessed fees, foreclosure costs, and attorney's fees.

39.   Plaintiffs are entitled to recover $15,000 or actual damages, whichever is greater, attorney fees and costs, and punitive damages.

40.   Defendants are guilty of malice, fraud and/or oppression, as defined in California Civil Code § 3294. Defendants' actions were malicious and willful; in conscious disregard of the rights and safety of Plaintiffs in that the actions were calculated to injure Plaintiffs. As such, Plaintiffs are entitled to recover, in addition to actual damages, punitive damages to punish Defendants and to deter them from engaging in future misconduct.

**FOURTH CAUSE OF ACTION**
**Violation of Federal Truth in Lending Act**
(Against Defendant FCI)

41.   Plaintiff incorporates all allegations of this complaint and re-alleges them as they were fully set forth herein.

42.   The federal TILA requires a lender to provide monthly statements "transmitted to the obligor" for each billing cycle in which there is an outstanding balance or imposition of finance charges. Defendant FCI failed to transmit to Plaintiffs monthly statements throughout 2021.

43.   In addition, the federal TILA prohibits a lender from changing any term of the loan (with exceptions not applicable in this matter). (12 C.F.R. § 1026.40(f)(3).)

44.   For these violations, Defendant is liable to Plaintiffs for actual damages, twice the amount of the considerable finance charges, and attorney fees and costs. (15 U.S.C. § 1640(a)(1), (2)(A)(i), (3).)

**FIFTH CAUSE OF ACTION**
**Violation of Fair Debt Collections Practices Act**
(Against ALL Defendants)

45.   Plaintiff incorporated all allegations of this complaint and re-alleged them as they were fully set forth herein.

46.   The Fair Debt Collection Practices Act provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any, including use of a false representation of the character, amount, or legal status of any debt. See 15 U.S.C. § 1692e(2)

47. Pursuant to 15 U.S.C. § 1692a(6), Defendants FCI and S.B.S. are debt collectors because they regularly collect or attempt to collect debts owed or due or asserted to be owed or due to another. Plaintiffs are informed and believe that, Defendants are debt collectors pursuant to the Fair Debt Collection Practices Act.

48. The FDCPA outlaws the following collection practices: making a false representation about the character, amount, or legal status of a debt (15 U.S.C. § 1692e(A)(2)), threatening to take action that cannot be legally taken (15 U.S.C. § 1692e(A)(5)), using a false representation to attempt to collect the debt (15 U.S.C. § 1692e(A)(10); and attempting to collect an amount not expressly authorized by the loan agreement (15 U.S.C. § 1692f(1)).

49. In the case at hand, Defendants have violated each of these provisions by misstating the amount of the amount that could legally be collected under the loan agreement and attempting to collect amounts not permitted under the Loan Agreement.

50. Pursuant to 15 U.S.C. § 1692k, Defendants are liable for actual damages, civil penalties in the amount of $1,000, attorney's fees, and costs of court. (Civ. Code § 1788.30; 15 U.S.C. § 1692k(a).)

**SIXTH CAUSE OF ACTION**
**Violation of Cal. Civ. Code § 2924.17**
(Against ALL Defendants)

51. Plaintiff incorporates all allegations of this complaint and re-alleges them as though they were fully set forth herein.

52. At all times relevant, Plaintiffs were the owners of the Property and Plaintiff Tashjian resided therein as her principal place of residence.

53. Plaintiff TASHJIAN is a borrower as defined by Civil Code § 2920.5(c), since she is a natural person who is a mortgagor or trustor and who is potentially eligible for a federal, state, or proprietary foreclosure prevention alternative program offered by, or through, her mortgage servicer.

54. In addition, Plaintiff's property was owner-occupied, as defined by Civil Code 2924.15.

55.     Under Cal. Civ. Code § 2924.12(a), Plaintiff may sue to enjoin an imminent violation of Cal. Civ. Code § 2924.17(b) or a foreclosure sale which resulted from a material violation of Cal. Civ. Code § 2924.17(b)

56.     Pursuant to Cal. Civ. Code § 2924.17(b), before recording a Notice of Default or Notice of Trustee's Sale, a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.  The exercise of the power of sale in a deed of trust is carefully circumscribed by California statute. Given the draconian nature of nonjudicial foreclosure under power of sale, California law mandates that statutory requirements be strictly complied with.

57.     In the case at hand, Defendants clearly failed to evaluate competent and reliable evidence related to Plaintiff's loan, as demonstrated by the fact that the Notice of Default and the Ntoice of Trustee's Sale contained a default that totaled more than was owed under the loan.

58.     Defendants' position as the the loan servicer, and the foreclosure trustee, place Defendants in a position with access to the information necessary to substantiate the default prior to directing the recording of the Notice of Default.

59.     Plaintiff, therefore, alleges that Defendants' actions demonstrate that Defendants failed to review competent and reliable evidence to substantiate a purported loan default prior to recording the Notice of Trustee's Sale and seeking to foreclose on the property.

60.     Pursuant to Civil Code § 2924.12, Plaintiff seeks injunctive relief and attorneys' fees.

### **DEMAND FOR JURY TRIAL AND PRAYER FOR DAMAGES**

WHEREFORE, Plaintiffs DUTCHINTS DEVELOPMENT, LLC and MADELEINE TASHJIAN demand a trial by jury.  Plaintiffs also pray for judgment and order against Defendants as follows:

1. That judgment is entered in Plaintiffs' favor and against Defendants, and each of them;

2. For an order requiring Defendants to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of the action;

3. For a temporary restraining orde and preliminary injunction preventing Defendants, or anyone acting in concert with them, from foreclosing on the loan until an accurate reinstatement quote is generated;

4. For damages, disgorgement, and injunctive relief;

5. For compensatory damages, special damages, damages for emotional distress, attorneys' fees, and costs according to proof at trial;

6. For exemplary damages in an amount sufficient to punish Defendants' wrongful conduct and deter future misconduct;

7. For such other and further relief as the Court may deem just and proper.

DATED: July 19, 2021                             Respectfully submitted,

                                                 SHAPERO LAW FIRM


                                                 /s/ Sarah Shapero
                                                 Sarah Shapero, Esq.
                                                 Attorneys for Plaintiffs
                                                 DUTCHINTS DEVELOPMENT, LLC
                                                 MADELEINE TASHJIAN